IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cardonal Anna Vines Carter, | : | |
| Plaintiff | : | Case No. 2:12-cv-1106 |
| v. | : | Judge Graham |
| Michael J. Astrue, Commissioner of Social Security, | : | Magistrate Judge Abel |
| | : | |
| Defendant | : | |
| | : | |

## Initial Screening Report and Recommendation

Plaintiff brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security alleging that the Commissioner unlawfully withheld her disability benefits for the months of July through October 2012 to recoup an overpayment. This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the Court is without subject matter jurisdiction under 42 U.S.C. § 405(g) because the complaint does not allege that the Commissioner has made a final decision denying Plaintiff Carter's claim that the Social Security Administration did not have the legal right to withhold disability benefit checks.

The complaint alleges that the Commissioner unlawfully withheld plaintiff Cardinal Anna Vines Carter's disability benefits for the months of July through October 2012 to recoup an overpayment. Jurisdiction to review a decision of the Commissioner about disability benefits is exclusively under 42 U.S.C. § 405(g). Specifically, 42 U.S.C. § 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter . . . .

Section 405(g) permits suit only after the Commissioner of Social Security has issued a final decision:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Here the complaint does not allege that plaintiff sought review of the decision to recoup an overpayment of benefits or that the Commissioner issued a final decision deny her claim that she was unlawfully not paid benefits for the months of July to October 2012. Overpayment of benefits and the Commissioner's right to recoup the amount overpaid is governed by 42 U.S.C. § 404(a). A recipient who is without fault may ask that the Commissioner not recover the amount of overpaymen t if doing so "would defeat the

2

purpose" of th Act or "would be against equity and good conscience." 42 U.S.C. § 404(b). When a beneficiary receives a notice of overpayment, she may ask the Commissioner to waive overpayment. 20 C.F.R. § 404.402a(e). Here the complaint does not allege that plaintiff did so. Nor does it allege that the Commissioner made a final decision denying a request to waive recovery of the overpayment. Consequently, the Court does not have jurisdiction over plaintiff's complaint.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to allege that plaintiff has exhausted her administrative remedies before filing suit as required by 42 U.S.C. § 405(g). Defendant does not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within fourten (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District

Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

      The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to defendant and John Stark, Assistant United States Attorney, 303 Marconi Boulevard, Suite 200, Columbus, OH 43215 .

      s/Mark R. Abel
United States Magistrate Judge